# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CAROLYN AND CHARLES LEACH, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> LINDA DOUGLAS (FKA) LINDA ) <br> LINDA MEADORS, LARRY ) <br> MEADORS, JOHN CLIFTON, IN HIS ) <br> PERSONAL AS WELL AS HIS ) <br> ELECTED CAPACITY AS MAYOR OF ) <br> JELLICO, TENNESSEE, JAMES ) <br> DOBSON, IN HIS PERSONAL AS ) <br> WELL AS HIS ELECTED CAPACITY ) <br> AS ALDERMAN FOR THE CITY OF ) <br> JELLICO, TENNESSEE, BETTY ) <br> DOUGLAS, MARVIN DOUGLAS, ) <br> EVERETT MOUNCE, MICHAEL ) <br> SIWINSKI AND OTHER UNKNOWN ) <br> CONSPIRATORS ) <br> Defendants, | Docket Number 3:07-cv-303 <br> 2007 AUG -6 P 3:13 <br> JURY TRIAL REQUESTED <br><br> Assigned to Hon. Varlan <br> United States District Judge and <br> Hon. Guyton <br> United States Magistrate Judge |

## COMPLAINT

Come now the Plaintiffs, Carolyn and Charles Leach, each pro se., and for their Complaint against the Defendants would show this Court:

## NATURE OF ACTION

1. This is an Action under 42 U.S.C., ss.2000e, et. seq., 42 U.S.C. Sections 1983 and 1985, to correct and remedy Defendants' violation of Plaintiffs' constitutional rights under the First and Fourteenth Amendments of the United States Constitution and Article 1 Section 19 of the Tennessee Constitution, and for the Tennessee common law torts of intentional infliction of emotional distress, and

negligent infliction of emotional distress, for conspiracy, and to make whole and compensate Carolyn and Charles Leach.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C., ss. 1331,1343(3), and 42 U.S.C. Sections 2000e and 2000e-7, et. seq. which provide for injunctive as well as other relief Plaintiff asks this Court to assert its ancillary, pendant and supplemental jurisdiction over applicable state statutory and common law claims, including but not limited to state claims of intentional infliction of emotional distress and negligent infliction of emotional distress.

3. Venue is proper within the district pursuant to 28 U.S.C. ss. 1391 as the unlawful practices occurred in this district and division.

## PARTIES

4. Plaintiffs, Carolyn and Charles Leach, reside in Jellico, Tennessee 37762, in the County of Campbell. The Plaintiffs are residents of Tennessee and a citizens of the United Sates.

5. Defendant, John Clifton was at all times pertinent hereto a City of Jellico employee and duly elected official; Defendant, James Dobson, was at all times pertinent hereto an employee and duly elected official of the City of Jellico; Defendant, Linda Douglas, was at all times pertinent hereto, an employee of the City of Jellico, Defendant, Larry Meadors, was at times pertinent hereto a member of the board of Directors of Jellico Electric and Water System and at all times pertinent hereto married to Linda Douglas; Defendants Betty Douglas and Marvin Douglas were at all times pertinent hereto private citizens and residents of the City of Jellico; Defendant, Everett Mounce, was at all times pertinent hereto a citizen

2

and resident of Williamsburg, Kentucky; Defendant, Mike Siwinski, was at all times pertinent hereto a citizen and resident of Campbell County, Tennessee. All are proper Defendants for all claims brought pursuant to 42 U.S.C. 1983, 1985, and Tennessee statutory and common law grounds.

## GENERAL ALLEGATIONS

The Plaintiffs allege:

6. That Defendants Linda Meadors and Larry Meadors filed a suit against the Plaintiffs and other individuals in the Circuit Court for Campbell County, Tennessee on or about August 4, 2007;

7. That such suit is baseless as to the Plaintiffs;

8. That for some time prior to that filing the Defendants were conspiring to punish the Plaintiffs for the exercise of a constitutionally protected right- freedom of speech;

9. That for at least three years before the suit was filed, Defendant John Clifton was openly encouraging and abetting the gathering of information for use in an action against the Plaintiffs;

10. That both the Meadors had previously threatened suit against the Plaintiff Carolyn Leach;

11. That Defendant Siwinski had previously attempted to intimidate Ms. Leach into ceasing to write her paper and had published a biased report concerning a previous run in between ms Leach and Ms. Meadors;

12. That sometime in the early spring a conversation between Defendant Larry Meadors and John Leach, retiring manager of Jellico Electric and Water system was recorded by Mr. Meadors or Mr. Leach;

3

13. That with a CD copy of that conversation, Larry Meadors and defendant Everett Mounce embarked upon a scheme to ensure publication through the use of one Billy Douglas who is nor was apart of this conspiracy. Unknown to Mr. Douglas Mr. Meadors or Mr. Mounce placed or had others place at his store a copy or copies of the conversation between Mr. Meadors and Mr. Leach. On several occasions Mr. Mounce spoke with Mr. Douglas, who knew nothing of its origin or contents, requesting to get the CD;

14. That Mr. Douglas took the CD to Mr. Mounce's Place of employment and left it on a counter;

15. Within a matter of days Defendant Carolyn learned of the existence of the recorded conversation after a Power Board meting;

16. Shortly thereafter, and on the same day an article concerning the recorded conversation appeared in a local paper, and two days before the council meeting of May 18, 2006, Ms Leach discovered a CD anonymously placed in her mail box which contained a copy of the recorded conversation between John Leach and Larry Meadors. Within a matter of hours she also received a paper containing suggested questions to ask the council concerning information on the CD;

17. At the council meeting Ms Leach made her statement that the Meadors claim are defamatory and depict them in false light.

18. As soon as Ms. Leach sat down and while the council was still in session Mr. Siwinski crossed the room and requested the notes of the statement Ms. Leach had just given, the only copy she had, thus ensuring further publication;

19. Thereafter Ms. Meadors took the podium and, instead of refuting or explaining Ms Leach's statements sought to have her husband removed from the Power Board;

4

20. That shortly after the council meeting Defendant Marvin Douglas who seldom spoke to Plaintiff Charles Leach at all asked for the CD recording;

21. That the day after the council meeting Plaintiff Charles Leach took the CD to defendants Betty and Marvin Douglas' radio station per their request;

22. That defendants Betty and Marvin Douglas have refused to return the CD ;

23. That, on information and belief, those defendants have broadcast all or part of the recording to the Jellico Community;

24. That in June 2006 Defendant Jimmy Dobson made statements to the effect that he was cooperating with Meadors in their efforts;

25. That within two weeks Defendant Clifton delivered to attorney David Dunaway certain other materials intended for the Meadors' suit;

26. That on August the Meadors filed their baseless suit;

27. That as late as October 2006 Defendant Clifton through his publication called the Mayor's Column continued to harass and embarrass the Plaintiff Charles Leach in the exercise of his right to seek election to the Jellico City Counsel.

**WHEREFORE, PLAINTIFFS PRAY:**

1. That all necessary process issue;

2. That upon the hearing of this cause the Court grant Plaintiffs damages not to exceed $ 500,000 Dollars and Punitive Damages as may be just;

3. That a jury of twelve be empanelled to hear this cause;

4. That the Court grant such other and further relief as the Plaintiffs be entitled or justice demand.

Respectfully submitted,

*Carolyn Leach*
Carolyn Leach, Plaintiff pro se

*Charles Leach*
Charles Leach, Plaintiff pro se
195 Tennessee Avenue
Jellico, Tennessee 37762
(423) 784-6359